UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:25-cr-356-VMC-AAS

SAMANTHA ANNE FREEMAN

**UNITED STATES' SENTENCING MEMORANDUM**

The United States files this sentencing memorandum requesting a bottom of

the guidelines sentence of 108 months' imprisonment for defendant Samantha

Freeman.

**I. FACTUAL BACKGROUND**

Samantha Freeman arranged to distribute fentanyl and methamphetamine to a

confidential source in 2024. Freeman conspired with Jimmy Harris to make those

distributions until Harris was arrested in August 2024. Freeman continued her

crimes in October 2024, selling an additional quantity of methamphetamine to the

confidential source and also providing a fentanyl sample to the source. The chart

below contains the dates, quantities, and prices paid by the informant in exchange

for narcotics provided by Freeman.

| Date | Substance | Price |
| --- | --- | --- |
| July 3, 2024 | 56.1 grams methamphetamine | $600 |
| July 17, 2024 | 57.8 grams methamphetamine | $600 |
| July 24, 2024 | 57.4 grams methamphetamine | $600 |

|  | 27.4 grams fentanyl and xylazine | $2,100 |
|---|---|---|
| August 7, 2024 | 83.1 grams methamphetamine | $900 |
| October 22, 2024 | 54.1 grams methamphetamine .012 grams fentanyl | $450 |

Freeman met with the CS and traveled to Harris to obtain the substances prior to his arrest. The CS was not in contact with Harris and agents conducted surveillance of Freeman and reviewed phone records to identify Harris as her source in July and August. On October 22, 2024, the source traveled to Freeman and Freeman arranged to meet a source for methamphetamine, walking away from the meeting location to meet an unidentified male before providing the source with methamphetamine and a fentanyl sample.

Following her arrest in this case, Freeman continued to obtain methamphetamine in September 2025, and October 2025, when she consumed the substance.

## II. PROCEDURAL BACKGROUND

On July 6, 2023, a federal grand jury returned a five-count indictment charging the defendant with conspiracy to distribute 50 grams or more of methamphetamine and possession with the intent to distribute 50 grams or more of methamphetamine and a mixture and substance containing a detectable amount of fentanyl. Doc. 1. Freeman was released on bond. Doc. 16. Freeman violated her release by repeatedly using narcotics. Doc. 52.

### III. PRESENTENCE INVESTIGATION REPORT

On October 29, 2025, probation issued its final Presentence Investigation Report (PSR). Wesley has a total offense level of 29 and a Criminal History Category of VI. PSR at ¶ 71. This guideline calls for a sentencing range of 151 to 188 months imprisonment. *Id*. Wesley is subject to a mandatory minimum of 10 years' imprisonment. PSR at ¶ 70.

The United States has no objection to the guidelines. The defendant raises four objections to the PSR.

#### A. Objection 1: Failure to mitigate for role

The defendant argues that because, according to the defendant, she is entitled to a minor role reduction because she was using narcotics.

Where a defendant is only held responsible for his own actions, a downward adjustment for role should not be applied. *United States v. DeVaron*, 175 F.3d 930 (11th Cir. 1999). Here, Freeman is only accountable for her actions, which include multiple distributions of significant quantities of methamphetamine as well as fentanyl. Freeman was not a runner, but instead a broker making arrangements to obtain the narcotics for a confidential source. Freeman was not acting at the direction of Harris because she was able to source for the October deal months after Harris was arrested. The defendant's status as a user-dealer does not create a minor role.

The Court should overrule the defendant's objection.

**B. Defendant's Objection: Application of two-levels for firearm, U.S.S.G §
2D1.1(b)(1)**

### IV. <u>SENTENCING FACTORS UNDER 3553(a)</u>

The United States is requesting a sentence of 108 months' imprisonment. The
circumstances of the offense and the defendant's criminal history support this
sentence. *See* 18 U.S.C. § 3553(a)(1). A sentence of 108 months' imprisonment will
also serve to promote the defendant's respect for the law, deter criminal conduct, and
protect the community. See 18 U.S.C. § 3553(a).

A district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it
however, is not required to give all of the factors equal weight. *United States v. Shaw*,
560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater
weight to certain factors over others. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 57
(2007). The decision about how much weight is assigned to a particular factor is
"committed to the sound discretion of the district court." *United States v. Williams*,
526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

Freeman is an addict who brokered transactions of significant quantities of
methamphetamine- and fentanyl.  Her actions were not for small, user quantities, but
instead multi-ounce deals on five occasions. The quantities and frequency suggest
she had an understanding of the scope of this conspiracy and the devastation
methamphetamine brings since she herself suffers an addiction to methamphetamine.

Freeman's history and characteristics demonstrate a. Wesley experienced
difficulties in his youth causing him to self-medicate with illegal drugs and alcohol.

Wesley grew up in a home with abuse that he witnessed and observed the harm caused by drug abuse in a home, which he reports engaging in with his parents as a child. Wesley self-enrolled in substance abuse treatment in 2022 but relapsed and stopped attending.

Despite the abuse Wesley suffered, he reports owning his own business and working consistently before being sent to prison. Wesley reports obtaining his GED and enrolling in coursework through Florida DOC. Wesley would benefit from treatment opportunities in the Federal Bureau of Prisons to address his mental health and substance use struggles. Wesley would also benefit from educational and occupational opportunities and would benefit from supervised release after his term of incarceration to help acclimate him to society and build a support system to avoid recidivism.

Wesley's behavior shows he poses a danger to the community and has no respect for the law. Wesley reports struggles with mental health and substance abuse, but those are not new conditions and Wesley sought help in the past. Those conditions may provide an explanation for Wesley's behavior, but they are certainly no excuse for his conduct in the instant case. A substantial sentence is warranted to protect the community, promote respect for the law, and deter this escalating and dangerous conduct. A variance to the mandatory minimum fails to adequately account for his escalating criminal conduct, the relevant conduct of Wesley's drug trafficking- the criminal possession of a firearm.

5

# V. CONCLUSION

For all these reasons, the United States respectfully submits that a guideline sentence of 160 months' imprisonment is reasonable, fair, and reflects the directives set forth in 18 U.S.C. § 3553.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:  /s/ *Samantha E. Beckman*
Samantha E. Beckman
Assistant United States Attorney
Florida Bar No. 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Samantha.beckman@usdoj.gov

**U.S. v. Samantha Anne Freeman**          **Case No. 8:25-cr-356-VMC-AAS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Serbo C. Simeoni, Esq.

By:     */s/ Samantha E. Beckman*
Samantha E. Beckman
Assistant United States Attorney
Florida Bar No. 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Samantha.beckman@usdoj.gov

7