UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:25-cr-00356-VMC-AAS

SAMANTHA ANNE FREEMAN

**UNITED STATES' AMENDED SENTENCING MEMORANDUM**

The United States files this amended sentencing memorandum requesting a bottom of the guidelines sentence of 108 months' imprisonment for defendant Samantha Freeman.[1]

**I. FACTUAL BACKGROUND**

Samantha Freeman arranged to distribute, and did distribute, fentanyl and methamphetamine to a confidential source five times in 2024. Freeman conspired with Jimmy Harris to make those distributions until Harris was arrested in August 2024. Freeman continued her crimes in October 2024, selling an additional quantity of methamphetamine to the confidential source and also providing a fentanyl sample to the source. The chart below contains the dates, quantities, and prices paid by the informant in exchange for narcotics provided by Freeman.

| Date | Substance | Price |
|---|---|---|
| July 3, 2024 | 56.1 grams methamphetamine | $600 |
| July 17, 2024 | 57.8 grams methamphetamine | $600 |

---

[1] An earlier draft was incorrectly filed in this case on May 5, 2026. Doc. 101.

| July 24, 2024 | 57.4 grams methamphetamine | $600 |
| | 27.4 grams fentanyl and xylazine | $2,100 |
| August 7, 2024 | 83.1 grams methamphetamine | $900 |
| October 22, 2024 | 54.1 grams methamphetamine .012 grams fentanyl | $450 |

Freeman met with the CS and traveled to Harris to obtain the substances prior to his arrest. The CS was not in contact with Harris and agents conducted surveillance of Freeman and reviewed phone records to identify Harris as her source in July and August. On October 22, 2024, the source traveled to Freeman and Freeman arranged to meet a source for methamphetamine, walking away from the meeting location to meet an unidentified male before providing the source with methamphetamine and a fentanyl sample.

Following her arrest in this case, Freeman continued to obtain methamphetamine in September 2025, and October 2025, when she consumed the substance resulting in violations of her pretrial release conditions. *See* Doc. 45.

## II. **PROCEDURAL BACKGROUND**

On July 6, 2023, a federal grand jury returned a five-count indictment charging the defendant with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and four counts charging possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A),. Doc. 1.

2

Freeman was released on bond. Doc. 16. Freeman violated her release by repeatedly using narcotics and also filing to comply with her required conditions of treatment. See Docs. 45 and 52. Freeman was ultimately detained. Doc. 52. Freeman pled guilty without a plea agreement on January 30, 2026. Doc. 76.

### III. PRESENTENCE INVESTIGATION REPORT

On April 9, 2026, probation issued its final Presentence Investigation Report (PSR). Freeman has a total offense level of 32 and a Criminal History Category of II. PSR at ¶ 84. This guideline calls for a sentencing range of 135 to 168 months imprisonment. *Id*. Freeman is subject to a mandatory minimum of 10 years' imprisonment. PSR at ¶ 83.

The United States has no objection to the guidelines, but notes an error in the fentanyl weight on July 24, 2024. The lab report provided shows the fentanyl weighed 27.4 grams. This correction does not impact the guideline calculation.

The defendant raises four objections to the PSR.

#### A. Objections 1 and 5: Offense conduct, paragraphs 14-23

The defendant objects to the factual statements in the offense conduct in paragraphs 14-23. In paragraph 21 of the offense conduct, the defendant claims the statement that Freeman purchased narcotics from Harris and another supplier and resold them at a higher price for profit is incorrect because she committed the acts to "fuel her addiction." The defendant also objects to the assertion that Freeman had another supplier in October 2024, despite the fact that Harris was arrested the month

3

before and the discovery described Freeman meeting with another man to obtain the drugs.[2]

The objection to the offense conduct will be proven at sentencing by the agent through testimony.

## B. Objection 2: Failure to mitigate for role U.S.S.G § 3B1.2 and 2D1.1(a)(5)

The defendant argues that because she is an addict she is entitled to a minor role reduction.

Where a defendant is only held responsible for his own actions, a downward adjustment for role should not be applied. *United States v. DeVaron*, 175 F.3d 930 (11th Cir. 1999). Here, Freeman is only accountable for her actions, which include multiple distributions of significant quantities of methamphetamine as well as fentanyl. Freeman was not a runner, but instead a broker making arrangements to obtain the narcotics for a confidential source on five occasions. Freeman was not acting at the direction of Harris, he was her source. She was able to source for the October deal months after Harris was arrested.

Freeman is not limited in her knowledge of the conspiracy as she sold to the informant five separate times, including when Harris was in custody. This involvement certainly establishes her knowledge of the scope of the conspiracy. The defendant's status as a drug dealer who uses drugs does not create a minor role. The quantities Freeman distributed are far from a low-level user amount. Freeman's role

---

[2] This is also refuted by the defendant's safety valve proffer.

4

here is not aggravated but it is certainly not due to be mitigated.

Freeman is not accountable for Harris' actions, only her own. This objection should be denied.

### C. Objection 3: Acceptance of Responsibility, U.S.S.G § 3E1.1

If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease by two levels. U.S.S.G § 3E1.1(a). Considerations including truthfully admitting the conduct of the offense and not falsely denying relevant conduct, voluntary withdrawal from criminal conduct, post-offense rehabilitative efforts, and timeliness of accepting responsibility. *See Id.*, Application Note 1.

Freeman did not withdraw from criminal conduct. Despite being admonished for her first use of methamphetamines, she again submitted two more positive drug tests. PSR ¶¶ 10-11. Freeman had a third violation based on continued drug possession and use as well as failure to complete inpatient treatment. PSR ¶ 12.

Now, Freeman is disputing the fact that she had an additional source of supply in October 2024. She is also continuing to dispute the basis of her third violation. Freeman's actions since her arrest do not demonstrate acceptance of responsibility.

### D. Objection 5: Failure to apply safety valve

The defendant completed a debrief with agents. The agents believe her debrief was truthful and complete.[3] She should be awarded safety valve.

---

[3] However, her debrief contradicts the position of her objections on the specific issue of role and having more than one source of supply. This factor more appropriately weighs on the

## IV. SENTENCING FACTORS UNDER 3553(a)

The United States is requesting a sentence of 108 months' imprisonment. The circumstances of the offense and the defendant's criminal history support this sentence. *See* 18 U.S.C. § 3553(a)(1). A sentence of 108 months' imprisonment will also serve to promote the defendant's respect for the law, deter criminal conduct, and protect the community. See 18 U.S.C. § 3553(a).

A district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it however, is not required to give all of the factors equal weight. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater weight to certain factors over others. *Id*. (citing *Gall v. United States*, 552 U.S. 38, 57 (2007). The decision about how much weight is assigned to a particular factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

Freeman is an addict who brokered transactions of significant quantities of methamphetamine- and fentanyl.  Her actions were not for small, user quantities, but instead multi-ounce deals on five occasions. The quantities and frequency suggest she had an understanding of the scope of this conspiracy and the devastation methamphetamine brings since she herself suffers an addiction to methamphetamine.

Freeman's history and characteristics demonstrate a person with addition issues undeterred by prosecutions. Freeman participated in pre-trial diversion drug

issue of acceptance of responsibility.

6

court in 2022 for her first criminal case at age 45. She repeatedly violated and ultimately she was unsuccessfully terminated from probation in March 2024. Freeman violated her probation by failing to attend substance abuse evaluations, failing to obey the law, and failure to report to her probation officer. Freeman was arrested on two separate occasions while on felony supervision, for resisting an officer in September 2023 and for drug possession in December 2023, when officers found two baggies of fentanyl under her seat and a pipe with residue on her person. Freeman reports a decades long struggle with narcotics, from crack cocaine use to methamphetamine. Freeman is desperately in need of drug treatment along with mental health treatment. She should be recommended for RDAP.

Despite her intense substance abuse, Freeman reports being employed and in various fields since 2017. Freeman would benefit from educational and occupational opportunities within the BOP.

Freeman's history demonstrates a lack of respect for the law. Despite decades of drug use, it is only since 2022 that Freeman has found herself involved in the criminal justice system. Despite the opportunities for treatment and diversion, Freeman instead repeatedly committed crime. Less than four months after being discharged from felony drug offender probation, Freeman was selling significant quantities of methamphetamine to a confidential source in this case. Freeman notes her need to "hustle" to survive, and that was demonstrated in the crimes in the instant case.

7

A sentence of 108 months is necessary to deter Freeman and others from participating in this behavior. This sentence avoids unwarranted disparities with others and promotes respect for the law, something Freeman is seriously lacking. A bottom of the guideline sentence recognizes Freeman's substance dependence as a motivator for her conduct, but it does not excuse the harm caused by Freeman's repeated actions.

## V. CONCLUSION

For all these reasons, the United States respectfully submits that a guideline sentence of 108 months' imprisonment is reasonable, fair, and reflects the directives set forth in 18 U.S.C. § 3553.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Samantha E. Beckman*
Samantha E. Beckman
Assistant United States Attorney
Florida Bar No. 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Samantha.beckman@usdoj.gov

**U.S. v. Samantha Freeman**                    **Case No. 8:23-cr-00356-VMC-AAS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Serbo Simeoni, Esq.

By:     */s/ Samantha E. Beckman*
Samantha E. Beckman
Assistant United States Attorney
Florida Bar No. 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Samantha.beckman@usdoj.gov

9